Robert E. CHAPMAN, Plaintiff,

v.

## SPACE QUALIFIED SYSTEMS CORPORATION, Defendant.

No. PCA 86–4148–RV.

United States District Court,
N.D. Florida,
Pensacola Division.

Aug. 26, 1986.

Charles P. Hoskin, Pensacola, Fla., for plaintiff.

James E. Moore, Moore & Moore, Niceville, Fla., for defendant.

**552**

Steven R. Ross, Washington, D.C., for movants.

## ORDER

VINSON, District Judge.

The Honorable Jack Brooks, Chairman of the House Committee on Government Operations, and Rod Worth, an investigator with the General Accounting Office, have filed a motion to quash the deposition subpoena procured by the plaintiff and served on Rod Worth on June 12, 1986. (Doc. 28) For the reasons set forth below, the movants' motion to quash is GRANTED.

According to the facts as submitted by both the movants and the plaintiff, the House Committee on Government Operations ("Committee") received, at some time after this suit was filed by the plaintiff, a series of allegations regarding the activities and conduct of the plaintiff. It appears that these allegations of impropriety were made by the defendant, Space Qualified Systems Corporation, a defense contractor, and included charges that the plaintiff, a retired Major General in the Air Force, used threats, coercion, and extortion in dealing with the defendant. Upon receiving notice of these allegations, Chairman Brooks requested that the Comptroller General, as head of the General Accounting Office ("GAO"), initiate an investigation into the conduct of Major General Chapman. So that his Committee could take appropriate action, Chairman Brooks requested that the investigation be completed by July 1986. (Doc. 28, ex. 2) According to the movants, the GAO assigned Rod Worth to the investigation.

On June 12, 1986, the plaintiff served a subpoena on Rod Worth, seeking both to depose him and to compel him to bring to the deposition all documents relating to his investigation of the plaintiff. More specifically, the subpoena required Rod Worth to produce

[a]ll working documents generated by yourself and your staff relating to the investigation of [the plaintiff] by the general accounting office including but not limited to results of the investigation, inspector general of the Air Force report, Department of Defense inspector general report, communications as to guidance from superiors, Congress, or members of congressional staffs, and transcripts of any testimonial proceedings. (Doc. 21)

On June 27, 1986, the movants here filed an emergency motion for stay pending decision (doc. 29), in which they sought a stay of the subpoena until this Court could determine whether the subpoena should be quashed on the basis that it seeks testimony and documentary evidence that is privileged by the Speech or Debate Clause of the Constitution of the United States. [*U.S. Const.* art. I, § 6, cl. 1] On June 27, 1986, I entered an order staying the subpoena, pending a ruling on the merits of the movants' motion to quash. (Doc. 32)

## I. APPLICABILITY OF THE SPEECH OR DEBATE CLAUSE.

The Speech or Debate Clause, in pertinent part, states that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." The movants contend that the activities of Rod Worth fall within the protection of the Speech or Debate Clause, and that any testimonial or documentary evidence that may be adduced through Rod Worth should be absolutely privileged and immune from discovery. In response (doc. 39), the plaintiff argues that the Speech or Debate Clause does not apply to an investigator of the GAO, and that the policy behind the Speech or Debate Clause does not require the courts to confer immunity upon a GAO officer.

Without exception, the Supreme Court of the United States has read the Speech or Debate Clause broadly to effectuate its purposes, which include the goal of maintaining legislative integrity and insuring the fundamental principles inherent in the separation of powers. *United States v. Brewster*, 408 U.S. 501, 508–09, 92 S.Ct. 2531, 2534–36, 33 L.Ed.2d 507 (1972); *Gravel v. United States*, 408 U.S. 606, 617–18, 92 S.Ct. 2614, 2623–24, 33 L.Ed.2d 583

(1972). In essence, the Speech or Debate Clause insures that "the legislative function the Constitution allocates to Congress may be performed independently." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 502, 95 S.Ct. 1813, 1820, 44 L.Ed.2d 324 (1975). *See also United States v. Brewster, supra,* 408 U.S. at 507, 92 S.Ct. at 2535 (the Speech or Debate Clause "protect[s] the integrity of the legislative process by insuring the independence of individual legislators").

As with most cases presenting an issue involving the Speech or Debate Clause, the inquiry here is two-fold: first, does the conduct about which the plaintiff seeks to discover fall within the ambit of the Speech or Debate Clause; and, second, do the protections of the clause inure to the benefit of someone other than a senator or a representative?

■ As to the first issue, the question to be resolved is whether Rod Worth's actions as a GAO investigator fall within the "sphere of legitimate legislative activity." *Doe v. McMillan,* 412 U.S. 306, 312–13, 93 S.Ct. 2018, 2024, 36 L.Ed.2d 912 (1973). If they do, then, assuming that Rod Worth is covered by the Speech or Debate Clause, he "shall not be questioned in any other Place" about those activities, since the Speech or Debate Clause provides an absolute privilege. *Eastland v. United States Servicemen's Fund, supra,* 421 U.S. at 501, 95 S.Ct. at 1820. Although the issue was once contested, it is now well-settled that the power of Congress to investigate plainly falls within the "sphere of legitimate legislative activity." *Eastland v. United States Servicemen's Fund, supra,* 421 U.S. at 504, 95 S.Ct. at 1821–22; *McGrain v. Daugherty,* 273 U.S. 135, 175, 47 S.Ct. 319, 329, 71 L.Ed. 580 (1927) ("[a] legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change."); *United States v. McDonnel Douglas Corp.,* 751 F.2d 220, 225 (8th Cir.1984). In fact, in his response, it does not appear that the plaintiff actually challenges this

aspect of the inquiry under the Speech or Debate Clause. Thus, I find that Rod Worth's activities and conduct in connection with his investigation of Major General Chapman fall directly within the Speech or Debate Clause as they are plainly within the "sphere of legitimate legislative activity."

It is the second inquiry --- whether Rod Worth should be protected by the privilege --- that the plaintiff strongly disputes. The plaintiff admits that the Supreme Court has readily extended the protections of the Speech or Debate Clause to congressional aides and to the chief counsel to a congressional sub-committee. *Gravel v. United States, supra; Eastland v. United States Servicemen's Fund, supra.* In the absence of direct authority extending the protections to officers of the GAO, however, the plaintiff urges that I do not do so.

■ Although the plaintiff is correct in asserting that there exists no direct authority for immunizing an investigator of the GAO, I find that the plaintiff's view of the scope of the Speech or Debate Clause is far too restrictive. Rather than limiting the coverage of the clause, the Supreme Court has done just the opposite. In fact, in determining whether an individual's activities are protected by the Speech or Debate Clause, a court need inquire only whether the activity would be protected had it been that of a senator or a representative. *Gravel v. United States, supra,* 408 U.S. 617–18, 92 S.Ct. at 2623–24. That is, if the acts of a legislator would be privileged if performed by him personally, then they must also be privileged if performed by someone at his direction. *Id.,* 408 U.S. at 616, 92 S.Ct. at 2622–23. The basis for this pragmatic view is that, because of the complexities of the modern legislative process, it would be impossible for members of both Houses to carry out their individual responsibilities without the assistance of staff, aides, and counsel. *Id.* Therefore, my inquiry does not turn on whether a GAO investigator is functionally different from or similar to a congressional aide or the chief counsel to a subcommittee. Rather,

my inquiry is limited to whether Rod Worth's activities would be protected by the Speech or Debate Clause had they been performed by a legislator personally. And, pursuant to the discussion above addressing the investigative powers of Congress, it is clear that the conduct and activities of Rod Worth in investigating the plaintiff are absolutely immune from discovery under the Speech or Debate Clause.[1] Thus, I find that Rod Worth is protected by the Speech or Debate Clause, insofar as he has engaged in activities within the "sphere of legitimate legislative activity."

Finally, the plaintiff's argument that the policy of the Speech or Debate Clause will not be served if a GAO officer is given immunity warrants little discussion. According to the plaintiff, the purpose of the clause is to "prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Gravel v. United States, supra*, 408 U.S. at 617, 92 S.Ct. at 2623 [citing *United States v. Johnson*, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966)]. Thus, because the plaintiff has not named any particular congressman in this suit, there should be no concern that the subpoena will intimidate or subject a legislator to judicial scrutiny. It is important to recognize, however, that the Speech or Debate Clause serves "the additional function of reinforcing the separation of powers so deliberately established by the Founders." *United States v. Johnson, supra*, 383 U.S. at 178, 86 S.Ct. at 754. Therefore, even if a legislator would not be intimidated by a subpoena addressed to an investigator of the GAO, there is no doubt that questioning Rod Worth regarding his investigation would impinge the legislative prerogative so carefully protected by the Supreme Court's interpretation of the Speech or Debate Clause. Under the precedents of the Supreme Court, therefore, I am constrained to view the Speech or Debate Clause as an absolute bar to judicial inquiry into the activities of Rod Worth, in that I have determined that his conduct falls within the "legitimate legislative sphere." *Doe v. McMillan, supra*, 412 U.S. at 314, 93 S.Ct. at 2025.

In accordance with the foregoing, the motion to quash the subpoena is GRANTED, and the subpoena is hereby QUASHED and of no force or effect.

---

**1.** I note, moreover, that the Comptroller General, who supervises the GAO, has been expressly considered by the Supreme Court as subservient to Congress. *Bowsher v. Synar*, —— U.S. ——, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). The status of the GAO as an investigative arm of the Congress further supports my finding that Rod Worth's investigative activities and the accompanying results are absolutely immune. If Congress is to be accorded the independence required by the Speech or Debate Clause, then the legitimate legislative activity of its subservient components must be free from executive or judicial inspection.